UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                :

THE TRAVELERS INDEMNITY COMPANY,  :
                             Plaintiff,   :        21 Civ. 2510 (LGS)
                                                  :

                  -against-        :       **OPINION AND ORDER**
                                                  :

JAVIER PATINO, et al.,                    :
                           Defendants.  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       Plaintiff The Travelers Indemnity Company ("Travelers") and Defendant Javier Patino

bring cross-motions for summary judgment.  The parties dispute Travelers's obligation to defend

and indemnify Defendant ASNF, LLC ("ASNF") in connection with a bodily injury action

brought by Patino (the "Underlying Action").  ASNF has not appeared in this action.  Travelers

and Patino cross-move for summary judgment.  Travelers seeks a declaration that it has no

coverage obligation to ASNF in connection with the Underlying Action.  Patino cross-moves for

a declaration that Travelers must pay the judgment Patino obtained against ASNF in the

Underlying Action.  For the reasons below, Travelers's motion is granted, and Patino's motion is

denied.

## I.    BACKGROUND

       The facts summarized below are taken from the parties' submissions.

### A.  Relevant Policies and Initial Disclaimer of Coverage

       Travelers issued to ASNF a general liability insurance policy with a policy period of July

3, 2013, to June 11, 2014 (the "Travelers Policy").  The Travelers Policy required ASNF to

notify Travelers "as soon as practicable of an 'occurrence' or an offence which may result in a

claim."  The policy separately requires that, if a suit is brought against ASNF, ASNF "and any

other involved" must "[n]otify [Travelers] as soon as practicable," including by sending written notice and "copies of any demands, notices, summonses, or legal papers . . . ."  The policy also states that "[n]o insured will, except at that insured's own cost, . . . assume any obligation, or incur any expense, . . . without [Travelers'] consent."

Travelers also issued ASNF a commercial excess liability policy with a policy period of June 11, 2013, to June 11, 2014 (the "Umbrella Policy").  The Umbrella Policy required ASNF to notify Travelers promptly of an "occurrence" or "offense" which may result in a claim, and also required ASNF to send "prompt written notice" in the event a "suit" is brought.

On August 26, 2014, Travelers sent a letter to ASNF stating that Travelers had been notified of an incident resulting in bodily injury sustained by Luis Aveiga and Patino, two employees of ASNF's subcontractor.  In the letter, Travelers disclaimed coverage based on the terms of the Travelers Policy and stated that it did not have a duty to defend or indemnify ASNF under that policy.  Michael Ryan, former counsel to Patino, was copied on the letter.

B.  New York State Court Actions against ASNF

Patino initiated the Underlying Action in the Supreme Court of the State of New York, County of New York, and joined ASNF as a defendant in October 2014 (the "Underlying Action").  Patino alleged that he had sustained injuries when the scaffold he was standing on collapsed while working at premises allegedly owned, controlled, maintained, leased, inspected, repaired and managed by ASNF.

On September 22, 2014, Aveiga, who was also injured, filed suit against ASNF in the Supreme Court for the State of New York, County of Westchester (the "Aveiga Action").  On April 8, 2015, Travelers sent a letter to ASNF, copying Patino's attorney, and referencing the

Aveiga Action.  The letter stated that Travelers had changed its coverage position and agreed to fund the defense of ASNF in the Aveiga Action.

Default judgment was entered against ASNF on April 22, 2015, for failure to appear in the Underlying Action.  On January 24, 2019, an inquest was conducted.  Following the inquest, judgment was entered against ASNF in the Underlying Action on June 7, 2019.

C.  Notice and Additional Disclaimers of Coverage

On October 8, 2015, another insurance carrier notified Travelers of the Underlying Action.  On October 27, 2015, Travelers sent a letter to ASNF "acknowledg[ing] receipt of the Supplemental Summons and Complaint dated October 10, 2014, which was received from [t]he Hartford Financial Services Group, Inc., on October 8, 2015, in the [Underlying Action]."  The letter stated that Travelers was disclaiming coverage because ASNF had been sued in the Underlying Lawsuit in October 2014, but Travelers had not received notice until a year later in October 2015, and in the meantime default judgment had been entered against ASNF.  On November 4, 2015, Travelers sent another letter to ASNF denying coverage and disclaiming any duty to defend or indemnify ASNF in the Underlying Action.  In the letter, Travelers offered "as a courtesy" to pay for counsel to attempt to vacate the default, and if successful, Travelers would "then select and refer the matter to counsel to further defend ASNF."

I.  **LEGAL STANDARD**

Summary judgment is proper where the record establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  There is a genuine dispute of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Johnson v. Jones*, 515 U.S. 304, 314 (1995); *accord Choi v. Tower Rsch. Cap. LLC*, 2 F.4th 10, 16 (2d Cir. 2021).  "Only

disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *accord Saleem v. Corp. Transp. Grp.*, 854 F.3d 131, 148 (2d Cir. 2017).

When parties cross-move for summary judgment, the Court analyzes the motions separately, "in each case construing the evidence in the light most favorable to the non-moving party." *Schwebel v. Crandall*, 967 F.3d 96, 102 (2d Cir. 2020). When the movant properly supports its motion with evidentiary materials, the opposing party must establish a genuine issue of fact by citing particular parts of materials in the record. Fed. R. Civ. P. 56(c)(1)(A). "A party opposing summary judgment normally does not show the existence of a genuine issue of fact to be tried merely by making assertions that are based on speculation or are conclusory." *S. Katzman Produce Inc. v. Yadid*, 999 F.3d 867, 877 (2d Cir. 2021).

## II.     DISCUSSION

Travelers does not have a duty to provide coverage to ASNF in connection with the Underlying Action because Travelers did not receive timely notice of the Underlying Action. Timely notice is a condition precedent to insurance coverage under New York law. *See Argo Corp. v. Greater New York Mut. Ins. Co.*, 827 N.E.2d 762, 764 (N.Y. 2005); *accord Minasian v. IDS Prop. Cas. Ins. Co.*, 676 F. App'x 29, 31 (2d Cir. 2017) (summary order). For policies issued after 2009, an insurer may not deny coverage based on untimely notice unless the untimely notice prejudiced the insurer. *See Conergics Corp. v. Dearborn Mid-W. Conveyor Co.*, 43 N.Y.S.3d 6, 12 (1st Dep't 2016); N.Y. Ins. Law § 3420(a)(5). "[A]n irrebuttable presumption of prejudice shall apply if, prior to notice, the insured's liability has been determined by a court of competent jurisdiction . . ." N.Y. Ins. Law § 3420(c)(2)(B).

4

The notice provided to Travelers was untimely.  Travelers never received notice from its own insured, ASNF.  When Travelers did receive notice, it was from another insurer and was not received by Travelers until approximately a year after ASNF had been named a defendant in the Underlying Action.  Notice provided after the passage of one year is untimely.  *See, e.g., New York State Elec. & Gas Corp. v. Century Indemn. Co.*, 767 F. App'x 188, 191 (2d Cir. 2019) (summary order) (holding, under New York law, that notice provided four months after the insurer reasonably should have known of occurrences likely to implicate the policies was untimely); *Neighborhood P'ship Hous. Dev. Fund Co. v. Everest Nat. Ins. Co.,* 58 N.Y.S.3d 356, 420-21 (1st Dep't 2017) (holding that notice to insurer four months after plaintiff learned of the accident was late notice as a matter of law).

The presumption that Travelers was prejudiced by the late notice applies because Travelers did not receive notice of the Underlying Action until October 2015, after default judgment had been entered against ASNF in April 2015.  A default judgment is a determination of liability for purposes of § 3420(a)(2).  *See, e.g., Villavicencio v. Erie Ins. Co.*, 101 N.Y.S.3d 361, 363 (2d Dep't 2019).

Patino's attempts to dispute when Travelers received notice of the Underlying Action are conclusory and insufficient to raise a genuine issue of fact.  Travelers submitted the declaration of the claim professional assigned to the adjustment of the claim asserted by Patino against ASNF, who testified that "Travelers' first notice of the [Underlying] Action was on October 8, 2015, when Travelers was notified of the Patino Action by another insurance carrier."  Attached to the declaration was Travelers's October 27, 2015, disclaimer letter referencing the October 8, 2015, notice.  Patino's response to Travelers's Rule 56.1 Statement denies Travelers's factual assertion without citing any evidence to the contrary and merely argues that (1) "Travelers has

not established exactly how it was notified of the Underlying Action," (2) "Travelers has not established what, if any, communications it had with its insured regarding the Aveiga or the Patino action", and (3) "there is no proof of exactly how Travelers received notice of the Patino action submitted by Plaintiff."  As Patino has not pointed to any countervailing evidence in the record, he has not created an issue of fact.  Accordingly, the fact that Travelers first received notice on October 8, 2018, is deemed admitted.  *See Joint Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York 56.1(c)-(d)*; *see also Kayo v. Mertz*, 531 F. Supp. 3d 774, 782 n.2 (S.D.N.Y. 2021) ("Where facts stated in a party's Rule 56.1 statement are supported . . ., and are denied by a conclusory statement by the other party without citation to conflicting testimonial or documentary evidence, the Court finds such facts true.").

Patino implies that Travelers had constructive notice of the Underlying Action because Travelers was aware of the Aveiga Action and assigned counsel to represent ASNF in the Aveiga Action.  Patino cites no case law to support this argument, or any other argument to suggest that Travelers was provided timely notice of the Underlying Lawsuit.  As a factual matter, the Aveiga Action provided no notice of the Underlying Lawsuit as the two lawsuits were entirely separate actions, one pending in Westchester County and one pending in New York County.

To the extent that Patino argues that Travelers's receipt of the notice of occurrence -- reflected in Travelers's August 2014 letter to ASNF -- was sufficient notice, that argument is incorrect.  First, the Travelers' policies at issue have two independent notice requirements -- one for a notice of "occurrence" and one for notice of any "suit."  As evidenced by the terms of the letter, Travelers had received notice of an "occurrence" but not notice of any "suit": "Travelers has been notified of an incident resulting in bodily injury . . . ."  Second, the notice referenced in

Travelers's August 2014 letter could not have included notice of any suit because ASNF did not become a party to the Underlying Action until after the letter, in October 2014.

Patino argues that Travelers is not entitled to an irrebuttable presumption of prejudice because Travelers could have sought to vacate the default judgment or contest damages during the inquest.  In support of this argument, Patino relies on cases holding that an insurer was not prejudiced by late notice of the commencement of litigation where the insurer was notified of a motion for a default judgment and took no action.  *See American Transit Ins. Co. v. Hashim*, 892 N.Y.S.2d 78, 79 (1st Dep't 2009); *American Transit Ins. Co. v. B.O. Astra Mgt. Corp.*, 835 N.Y.S.2d 106, 106 (1st Dep't 2007) (concluding that insurer was not prejudiced by late notice); *American Transit Ins. Co. v. B.O. Astra Mgmt. Corp.*, 814 N.Y.S.2d 849, 850-51 (N.Y. Sup. Ct. 2006) (noting that insurer was served with default judgment motion and could have prevented the default).

Unlike the cases relied on by Patino, Travelers was not notified of the Underlying Action until after default judgment had been entered and therefore is entitled to an irrebuttable presumption of prejudice.  *See Villavicencio,* 101 N.Y.S.3d at 363 (holding that insurer was entitled to an irrebuttable presumption of prejudice where insurer was not notified of the litigation until after default judgment was entered against insured); *Vernet v. Eveready Ins. Co.*, 931 N.Y.S.2d 691, 727 (2d Dep't 2011) (same); *Greenberg v. Utica First Ins. Co.*, 126 N.Y.S.3d 851, at *4 (N.Y. Sup. Ct. 2020) (same); *Mountain Valley Indemn. v. Cohen*, 130 N.Y.S.3d 261, at *2 (N.Y. Sup. Ct. 2020) (same); *cf. Tower Ins. Co. of New York v. Commissary Direct, Inc.*, 115 N.Y.S.3d 613, at *9 (N.Y. Sup. Ct. 2019) (holding that insurer was entitled to irrebuttable presumption of prejudice where it was not notified until after insured's liability had been determined on a partial summary judgment motion).  (As noted above, Travelers nevertheless

offered "as a courtesy," to fund the cost of challenging the default, and if successful to fund the defense.)

Patino also argues that Travelers cannot be prejudiced by late notice of the Underlying Action because ASNF had no meritorious defense in the Underlying Action. The argument is improper because the statutory presumption is irrebuttable. The argument is also unpersuasive on the merits. Patino cites no case law in support of the proposition that an insurer is not prejudiced if it is established that the insured had no meritorious defense. Even if this were the case, ASNF could have contested liability based on causation, which is an essential element of liability under New York Labor Law § 240(1). *See Barreto v. Metro, Transp. Auth.*, 34 N.E.3d 815, 819 (N.Y. 2015) ("[I]n order to recover under section 240(1), the plaintiff must establish that the statute was violated and that such violation was a proximate cause of his injury."). This includes litigating whether "plaintiff's own actions are the sole proximate cause of the accident." *Id*.

Patino makes several general arguments that Travelers sought to avoid its duty to defend, including by disclaiming coverage before any action was initiated. These arguments are misplaced. The relationship between an insurer and its insured, as well as any third-party beneficiaries, is contractual. The insurer has no obligation beyond what is contractually required. To the contrary, an insurer has an obligation to its own stakeholders not to expend funds that are not contractually due. In disclaiming coverage based on the terms of the policy when it received the notice of occurrence, Travelers complied with its statutory obligation to disclaim coverage "as soon as is reasonably possible." *See* N.Y. Ins. Law § 3420(d).

### III.    CONCLUSION

For the foregoing reasons, Travelers's motion for summary judgment is granted.  Patino's motion for summary judgment is denied.  Travelers has no coverage obligation to ASNF under the Travelers Policy or the Umbrella Policy in connection with the Underlying Action.  Travelers has no duty to pay the judgment obtained against ASNF in the Underlying Action.  Judgment is entered in favor of Travelers and against Patino and ASNF.  Travelers's applications for a pre-motion conference for proposed motions to strike materials that Patino submitted on this motion are denied as moot.  The Clerk of Court is respectfully directed to close the motions at Docket Nos. 63, 70, 84 and 85 and to close the case.

Dated:  August 26, 2022
         New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE